Raisner *v.* Bangor Hosiery Company, Inc. et al., Appellants.

Argued May 4, 1932.

Before TREXLER, P. J., KELLER, GAW-THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Robert E. James,* for appellants.

*Everett Kent,* for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

Henry Raisner, the claimant, a man aged eighty-two years, was injured on December 21, 1929, while in the course of his employment on defendant's premises. The injury consisted of a bruise on his right leg below the hip. On August 1, 1930, the referee filed a report in which he found as a fact that the claimant was wholly disabled as the result of the accident; that he returned to work February 14, 1930, and after working five nights was obliged to quit because "he again became wholly disabled and has remained so ever since." The referee's conclusion of law was that the claimant was entitled to compensation until such time as there was a change in his condition when further action could be taken by the defendant. Claimant was awarded $14.30 per week. The board sustained the referee and, on January 27, 1931, the court below affirmed the order of the board. On February 28, 1931, defendant filed a petition to terminate the award, alleging that the claimant's disability from the result of the accident had terminated. Apparently this allegation was made without the making of any examination of the claimant. The defendant produced three medical witnesses who testified in effect that the disabilities suffered by the claimant were due entirely to

old age and were in no way associated with the accident. The record justifies the statement of the chairman of the board that these witnesses did not confine their testimony to the fact that the accident no longer was the proximate cause of claimant's disabilities due to age, but they said that the accident did not have any bearing on the case. These witnesses had not known the claimant before the accident, did not attend him following the accident, and had no knowledge of its immediate effects. Claimant called the physician who attended him immediately after the accident and ever since that time. He testified that he had attended the claimant for forty-five years, that he had treated him constantly since the accident and expressed the opinion that he was "still suffering from the original injury." The referee found that the claimant remained "totally disabled" and that the defendant had failed to show that there was a cessation of the total disability, and ordered that the petition be dismissed. This order was sustained by the board and the court below. The defendant brings this appeal.

Its sole complaint is that the referee failed to find whether or not claimant's disability resulting from the accident had terminated. The argument is predicated upon the proposition that the finding was merely that claimant's disability had not terminated, and that there was no finding that the disability continued to be the result of the accidental injury rather than the result of the infirmities due to old age. We can find no merit in this contention. In view of the original finding that claimant was wholly disabled as the result of the accident (which was refound in the proceeding to terminate) the finding that the claimant still remained totally disabled was a sufficient finding of the fact that claimant's disability resulting from the accident had not terminated. Further discussion is unnecessary.

The judgment is affirmed.